**UNITED STATES of America,**
**Appellee,**

v.

**Sean SOUTHLAND, Defendant–**
**Appellant.**

**No. 05–2530–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 23, 2005.

Lisa A. Peeples, Assistant Federal Public Defender (Melissa A. Tuohey, on the brief), for Alexander Bunn, Federal Public Defender, Syracuse, N.Y. (on submission), for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney (John Katko, Assistant United States Attorney, on the brief), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, N.Y. (on submission), for Appellee.

PRESENT: Hon. JAMES L. OAKES, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Sean Southland seeks to vacate the sentence imposed by the district court after he pleaded guilty to conspiracy to possess with intent to distribute approximately three kilograms of cocaine, see 21 U.S.C. § 846. Southland, who was sentenced to 71 months' imprisonment and five years' supervised release, argues that the district court improperly applied an obstruction of justice adjustment to increase his sentencing range under the United States Sentencing Guidelines, see U.S.S.G. § 3C1.1. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

"In reviewing a challenge to a district court's application of § 3C1.1, we examine its findings of fact only for clear error, and whether those facts constitute obstruction of justice is a question of law that we review de novo." United States v. Canova, 412 F.3d 331, 356 (2d Cir.2005). A sentence imposed based on a non-harmless and properly raised error of law or clearly erroneous factual finding ordinarily will not be found "reasonable." United States v. Crosby, 397 F.3d 103, 114 (2d Cir.2005).

The § 3C1.1 obstruction of justice enhancement here imposed was based on a series of letters that Southland sent to his girlfriend, who was a co-defendant at the time, while both were in jail in May 2004. The district court found that the letters supported the finding that "the defendant did attempt to have [his girlfriend] provide false information to the Government that would aid in his defense."

In one letter in particular, Southland included a false account, which he was considering giving to authorities, of the events leading up to his arrest. Southland followed the account in the letter with, "I expect that [my attorney] will be working with you and talking to me to help us get through this together. His intention must be to get you off clean and help me in the meantime. If you agree with this let him know and let me know." The district court could reasonably interpret this lan-

guage to mean that Southland wanted his girlfriend, who would know the account in the letter to be false, to acquiesce in his scheme to mislead authorities. *See United States v. Peterson*, 385 F.3d 127, 140 (2d Cir.2004) (" '[T]he sentencing court's findings as to what acts were performed, what was said, and what the speaker meant by [his] words, and how a listener would reasonably interpret those words will be upheld unless clearly erroneous.' " (quoting *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir.1998)). On this basis, the district court could find an intentional obstruction of justice. *See id.* at 142–43.

We have considered all of Southland's arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.